1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8    ROSE DESIO,

9          Plaintiff(s),

10    v.

11    STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

12          Defendant(s).

Case No.: 2:20-cv-01486-APG-NJK

**ORDER**

[Docket No. 40]

13          Pending before the Court is an amended stipulation to revive the expired deadlines for

14    amending, initial experts, and rebuttal experts, and to extend all deadlines in the scheduling order

15    by 90 days.  Docket No. 40.[1]  That stipulation is hereby **SET** for a telephonic hearing at 2:00 p.m.

16    on February 22, 2021.  Counsel must appear telephonically by calling the Court conference line at

17    877-402-9757 at least five minutes prior to the hearing.  The conference code is 6791056.  In order

18    to ensure a clear recording of the hearing, the call must be made using a land line phone.  Cell

19    phone calls, as well as the use of a speaker phone, are prohibited.

20          The Court will not entertain argument at the hearing on the two primary reasons proffered

21    for the parties' failure to conduct any affirmative discovery to date.  First, that the parties were

22    engaged in merits-based motion practice is insufficient to justify the failure to conduct any

23    discovery.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal

24    Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a

25

26          [1] A request to extend deadlines requires a showing of good cause, Local Rule 26-3, which
turns on whether those deadlines cannot reasonably be met despite the diligence of the party or
27    parties seeking the extension, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.
1992).  Requests to reopen already expired deadlines must be supported by an additional showing
28    of excusable neglect.  *E.g.*, Local Rule 26-3.

potentially dispositive motion is pending"); *see also id.* at 602 (a case-wide stay of discovery is justified when, *inter alia*, the underlying motion is fully case-dispositive); *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.6 (D. Nev. 2019) (counsel focusing attention on merits-based motion practice does not excuse a lack of diligence with respect to discovery matters).  Second, the vague references to pandemic related obstacles does not justify the failure to conduct discovery. *E.g.*, *Herndon v. City of Henderson*, ___ F. Supp. 3d ____, 2020 WL 7382766, at *8 n.14 (D. Nev. Dec. 16, 2020) ("The Court appreciates that the current health crisis has created some obstacles to the practice of law, but litigants remain capable of advancing discovery with diligence . . ." (citing *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 210 (D. Nev. 2020) and *Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020)).  The Court will instead entertain argument on the assertion that good cause exists because defense counsel has dealt with family health problems and an associate is recovering from a car accident.  *See* Docket No. 40 at 4.[2]

Counsel must also be prepared to explain why three additional months of discovery should be permitted at this point given that no discovery has been conducted to date.[3]  Additionally, counsel must be prepared to explain why the deadline to amend should be revived as there is no indication of a need to amend and a motion to amend may be filed after the deadline for doing so. *See, e.g.*, *Novotny v. Outback Steakhouse of Fla., LLC*, 2017 U.S. Dist. Lexis 114672, at *2-3 (D. Nev. July 21, 2017).

IT IS SO ORDERED.

Dated: February 17, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The stipulation does little to explain a basis for excusable neglect, including the reason why this request was not filed months ago before the expiration of the deadlines at issue.  Counsel must be prepared to provide robust argument as to excusable neglect.

[3] A shorter enlargement of the discovery period may also be appropriate given that the Court may shorten the deadlines for responding to written discovery requests. *See, e.g.*, Fed. R. Civ. P. 33(b)(2).