UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSE DESIO,<br><br>          Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>          Defendant. | Case No.: 2:20-cv-01486-APG-NJK<br><br>**Order (1) Denying Plaintiff's Motion for Partial Summary Judgment Regarding Coverage Stacking; (2) Granting in Part Defendant's Motion for Summary Judgment; and (3) Denying Plaintiff's Motion for Partial Summary Judgment Regarding Higher Limits**<br><br>[ECF Nos. 19, 32, 49] |

State Farm Mutual Automobile Insurance Company insured four of Rose Desio's vehicles. Following a car accident in which Desio was seriously injured, State Farm paid her $50,000 in underinsured motorist (UM) coverage under one policy but refused to "stack" her other three vehicles' policies to provide UM coverage in the amount of that aggregate. Desio sued State Farm for breach of contract, breach of the covenant of good faith and fair dealing, violations of Nevada's Unfair Claims Practices Act (UCPA), and declaratory relief. She contends that Nevada law requires the stacking of her policies' UM limits. She further contends that State Farm must adjust the $50,000 UM limits under two of her policies to $100,000 because State Farm did not acquire necessary limit-selection forms from her. She now moves for partial summary judgment on the issues of policy stacking and of higher-limit adjustment. State Farm moves for summary judgment on all of Desio's claims.

I deny Desio's motions, and I grant State Farm's motion in part. Desio is not entitled to stacked UM coverage under her four policies, so State Farm did not breach those policies when it refused to stack them. Desio did not plead her allegation regarding higher-limit adjustment in

her complaint, but even if she had, State Farm is entitled to judgment as a matter of law on the UM stacking issue, so the higher-limit issue would be moot.

Desio's only evidence of bad faith is State Farm's refusal to stack UM coverage, so that claim also fails as a matter of law. State Farm does not provide sufficient argument on Desio's UCPA claim, so it remains pending. Because it appears summary judgment may be proper on that claim as well, I will allow the parties to file additional motions for summary judgment.[1]

I. **BACKGROUND**

In 2019, Desio was involved in an accident while driving her Jeep Wrangler. ECF No. 45-5 at 6. It was determined that she was not at fault. *Id.* at 3, 6. The parties do not dispute that she suffered injuries as a result of the accident, nor do they dispute that the at-fault driver's insurance was insufficient to cover her medical expenses. ECF Nos. 19 at 3; 32 at 3.

At the time of the accident, State Farm insured four of Desio's vehicles: the crashed Jeep, a Chevrolet Tahoe, a Pontiac Firebird, and a Honda CRV. ECF Nos. 19-4 at 2; 19-3 at 2; 19-1 at 2; 19-2 at 2. Each vehicle's policy provided UM coverage in the amount of $50,000 per person and $100,000 per accident ($50,000/$100,000). ECF Nos. 19-4 at 5; 19-3 at 5; 19-1 at 4; 19-2 at 5; 31[2] at 6, 53, 145, 99. Each policy included an exclusion prohibiting the "stacking," or aggregating, of UM coverage across policies. ECF Nos. 57-1 at 32; 57-2 at 32, 126, 78.

After the at-fault motorist's insurance paid its coverage limit to Desio, State Farm paid her $50,000 under the Jeep's UM coverage. ECF Nos. 33 at 212; 63-8 at 4, 7. Desio sought additional UM payment from State Farm under the policies of the three other vehicles. ECF No.

---

[1] Desio stipulates to the dismissal of her fourth claim seeking declaratory relief because it is substantively duplicative of her breach of contract claim. ECF No. 42 at 30.

[2] I advise State Farm's counsel to comply with Local Rules IA 10-3 and IC 2-2(a)(3) in the future. Discrete exhibits must be individually filed.

2

1-1 at 6.  She sued in state court when State Farm refused to stack her coverage from all four policies.  *Id.*  State Farm removed the action to this court. ECF No. 1.

**II.      ANALYSIS**

Summary judgment is proper where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  The moving party bears the initial burden of informing the court of the basis of its motion and the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (stating that the moving party can meet its initial burden by "pointing out through argument . . . the absence of evidence to support plaintiff's claim").

Once the moving party carries its burden, the nonmoving party must "make a showing sufficient to establish the existence of [the disputed] element to that party's case." *Celotex*, 477 U.S. at 322.  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Desio argues that the stacking exclusion contained within each policy is void under Nevada law for lack of clarity and because she paid full premiums for separate UM coverage under each policy.  Consequently, she claims that State Farm breached the policies by denying

stacked coverage. She further argues that State Farm should adjust the UM limits of the Honda and Chevy policies from $50,000/$100,000 to $100,000/$300,000 because, in violation of Nevada law, State Farm did not acquire limit-selection forms from Desio acknowledging that those UM policy limits were less than those policies' bodily injury limits. Finally, she argues that, even if she may not fully stack UM coverage across her policies, she is entitled to stacked UM coverage under the Pontiac, Honda, and Chevy policies equal to Nevada's statutory liability limit of $25,000 each.

State Farm argues that the stacking exclusion is valid under Nevada law because it is clear and prominent, and because Desio did not pay full premiums for separate UM coverage under each policy. Consequently, State Farm claims that it did not breach the policies by denying stacked coverage, and that Desio's bad faith and UCPA claims necessarily fail in the absence of a policy breach. State Farm further argues that Desio did not plead her higher-limit allegations and that these allegations are irrelevant because only the Jeep policy applies here. Finally, State Farm contends that Desio is not entitled to stack statutory limits of $25,000 under each policy.

    **A.**    **Policy Stacking and Breach of Contract**

Under Nevada law, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Walker v. State Farm Mut. Auto. Ins. Co.*, 259 F. Supp. 3d 1139, 1145 (D. Nev. 2017) (quotation omitted). Insurance policies "should be read as a whole, and [their] language should be analyzed from the perspective of one untrained in law or in the insurance business." *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011) (simplified). Terms should be interpreted

according to their plain meaning and ambiguities must be "construed against the insurer, because the insurer was the drafter of the policy." *Id.* Whether a term is ambiguous "depends on whether it creates reasonable expectations of coverage as drafted," given the policy as a whole. *Id.* (simplified).

Valid anti-stacking provisions must satisfy three conditions. Nev. Rev. Stat. (NRS) § 687B.145(1). "First, the limiting provision must be expressed in clear language. Second, the provision must be prominently displayed in the policy . . . . Finally, the insured must not have purchased separate coverage on the same risk nor paid a premium calculated for full reimbursement under that coverage." *Nationwide Mut. Ins. Co. v. Coatney*, 42 P.3d 265, 268 (Nev. 2002) (simplified). The insurer bears the burden of proving the validity of an anti-stacking clause. *Torres v. Farmers Ins. Exch.*, 793 P.2d 839, 842-43 (Nev. 1990).

**1. Clarity**

The clarity of an anti-stacking provision is a question of law. *Id.* at 842. The language "must not only be clearly written, [but] it must not be difficult to understand. . . . [I]t must be truly comprehensible to the average insured." *Serrett v. Kimber*, 874 P.2d 747, 750 (Nev. 1994) (simplified). This generally means that a provision should be concise, use simple terms, and avoid legal jargon. *Bove v. Prudential Ins. Co. of Am.*, 799 P.2d 1108, 1111 (Nev. 1990). Where a provision clearly states "(1) that [the insurer] will not pay more than the UM coverage for the particular car; (2) that the limitation applies regardless of the number of vehicles covered or number of policies purchased; and (3) that the limitation applies to 'this policy[,]' . . . it would be hard to express a difficult concept such as stacking any more clearly . . . ." *Id.*

The language of State Farm's UM coverage and anti-stacking provisions is the same among the four policies at issue. ECF Nos. 57-1 at 32; 57-2 at 32, 126, 78. In pertinent part, each policy provides that:

> If uninsured motor vehicle coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by one or more of the State Farm companies apply to the same bodily injury, then . . . the uninsured motor vehicle coverage limits of such policies will not be added together (not stacked) to determine the most that may be paid. . . . The most we will pay if an insured sustains bodily injury in an accident while occupying . . . your car, is the uninsured motor vehicle coverage limits shown on the declarations page of this policy.

ECF No. 57-1 at 32 (formatting simplified). Each policy also provides that the "uninsured motor vehicle coverage limits are the most we will pay regardless of the number of . . . policies; . . . insureds; . . . claims made; . . . cars or motor vehicles insured; or . . . cars or motor vehicles involved in the accident." *Id.* at 31 (formatting simplified). Finally, the provisions repeatedly reference "this policy." *Id.* at 31-32.

Taken together, this language clearly indicates that State Farm will not pay more than the UM coverage for the particular car involved in an accident, that the limitation applies regardless of the number of vehicles covered or policies purchased, that the limitation applies to the policy in which it resides, and that coverages will not be stacked. Furthermore, the policy language is as concise and simple as possible given the technical nature of what it conveys, and it does not employ legal jargon. *See Bove*, 799 P.2d at 1111 (explaining that a descriptor like "party in the first part" is an example of impermissible legal jargon).

### 2. Prominence

A provision is sufficiently prominent if it is "different from its surrounding terms" such that it is "more apparent to a policy holder [that] those terms . . . may have an adverse effect on a claim under the policy," thereby giving notice of the insured's "true coverage." *Serrett*, 874 P.2d

6

at 750 (simplified).  A provision printed in "bold-face, large letters" that is "conspicuously different from the balance" of the policy is sufficiently prominent, even if other prominently displayed provisions in the policy call attention to themselves in the same fashion. *Id.* at 750-51.

The anti-stacking provision in each of Desio's policies is underlined and printed in capital typeface.  Portions of the provision are also bolded.  This is conspicuously different than the balance of the policy.  While the policy contains a few other similarly styled provisions, they do not diminish the prominence of the anti-stacking exclusion.  Similarly styled provisions in the policy may assist the insured in understanding that the anti-stacking provision is an exclusion because the other provisions that incorporate the same formatting are themselves, by and large, exclusions.  As such, not only is the anti-stacking provision prominently displayed, but it is displayed in a style that the policy implicitly uses to flag terms that may have an adverse effect on a claim under the policy.  Desio does not argue that the anti-stacking provision in her policies was not prominent.

### 3. Full Premiums for Separate UM Coverage

Testimony from an insurer's actuary as to whether the insured purchased separate coverage on the same risk, or paid a premium calculated for full reimbursement under that coverage, is sufficient to carry the insurer's burden under the third condition. *Coatney*, 42 P.3d at 268.

There is no genuine dispute that Desio did not purchase separate coverage on the same risk or pay a premium calculated for full reimbursement under that coverage.  State Farm's actuary, Steve Harr, opines that 20% UM premium discounts were applied to Desio's Jeep, Honda, and Chevy policies. ECF No. 33 at 194.  He further states that the 68% discount on the Pontiac is the product of both UM premium and antique discounts. *Id.*  Actuarial tables showing

the calculations of the premiums under Desio's four policies are attached to Harr's affidavit. *Id.* at 196-97.  Harr concludes that "[i]t was contemplated in the setting of these auto premiums that there would not be duplicative payments made under the UM portion of the policies for the same damages and medical expenses." *Id.* at 195.  Like in *Coatney*, Desio does not provide any evidence to genuinely dispute this conclusion. 42 P.3d at 268; *see also Schneider v. State Farm Mut. Auto. Ins. Co.*, No. 2:14-cv-01932-JAD-CWH, 2016 WL 4520907, at *2-4 (D. Nev. Aug. 29, 2016) (applying *Coatney* to conclude that an actuary's affidavit and accompanying actuarial tables provide sufficient basis for summary judgment).

As a matter of law, and even when considering the evidence in the light most favorable to Desio, her policies with State Farm include valid anti-stacking provisions.[3]  Consequently, I deny Desio's motion for partial summary judgment on the stacking issue, and grant State Farm's motion for summary judgment on the breach of contract claim.

### B. Breach of the Implied Covenant of Good Faith

Breach of the implied covenant of good faith and fair dealing "is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *Guar. Nat'l Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996).  "Where the terms of a contract

---

[3] Desio presents a non-pleaded distinction between "old" and "new" policies, arguing that the anti-stacking provisions in the "new" policies are unenforceable because she did not have an opportunity to read them prior to her accident.  While it may be true that her policies were updated at some point, Desio does not provide evidence of any material changes between versions.  State Farm presents uncontroverted evidence that the difference between the "old" and "new" policies amounts to "a name change." ECF No. 33 at 195.  Furthermore, Desio misinterprets *Farmers Insurance Exchange v. Young*, 832 P.2d 376, 379 & n.2 (Nev. 1992).  The case does not support the proposition that anti-stacking provisions are enforceable only if read.  Regardless, Desio effectively had the opportunity to read the policies because there is no evidence of a substantive difference between the "old" and "new" policies, and she presents no evidence that she did not have an opportunity to read the anti-stacking provisions in the "old" policies.

are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923-24 (Nev. 1991).

As a matter of law, the stacking exclusions in Desio's policies are valid, so no reasonable jury could conclude that State Farm acted unreasonably when it declined to stack coverage. Similarly, no reasonable jury could conclude that State Farm's conduct countervened the intention or spirit of the contract. Desio contracted with State Farm to receive non-stackable UM coverage of $50,000/$100,000 for her Jeep. The parties do not genuinely dispute that the Jeep's coverage applied because it was the insured vehicle involved in the accident, that Desio received the Jeep policy's UM coverage limit of $50,000 from State Farm, and that this was the proper limit because State Farm acquired a valid limit-selection form from Desio for the Jeep policy. ECF Nos. 33 at 35; 1-1 at 6; 13 at 4; 49-7 at 2. I therefore grant State Farm's motion with respect to Desio's breach of the implied covenant of good faith and fair dealing claim.

### C. Violations of the UCPA

State Farm mentions Desio's UCPA claim in its motion for summary judgment. ECF No. 32 at 2. However, State Farm fails to provide sufficient argument or evidence regarding this claim, so it has not carried its initial burden of showing it is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 323 (explaining that the moving party bears the initial burden of informing the court of the basis of its motion and the absence of material fact). Following its arguments on the issue of policy stacking, State Farm addressed Desio's remaining claims together. ECF No. 32 at 16. But this section of the motion provides argument on only Desio's

bad faith and declaratory relief claims.[4] *Id.*  In its reply brief, State Farm does not respond to Desio's opposition argument highlighting this oversight. ECF Nos. 45 at 30 n.11; 48 at 13-14. Consequently, I deny State Farm's motion for summary judgment on the UCPA claim. However, it appears that summary judgment might be warranted on Desio's claim under the UCPA, so I will reopen the deadline for the parties to move for summary judgment on that claim only.

### D. Higher-Limits Dispute

Desio contends that State Farm failed to acquire selection forms from her acknowledging that her UM coverage under her Chevy and Honda policies was less than that of her bodily injury coverage.  She moves for judgment as a matter of law that the absence of these forms entitles her to the higher UM limits of $100,000/$300,000 under the Chevy and Honda policies, instead of the lower limits of $50,000/$100,000.

Federal Rule of Civil Procedure 8(a)(2) "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (simplified).  A plaintiff cannot raise a new claim for the first time at summary judgment where the complaint does not give the defendant fair notice of the claim. *Id.* at 968-69.

Desio did not plead the higher-limit allegations in her complaint. *See* ECF No. 1-1 at 6-9. She pleaded only that State Farm's anti-stacking provisions were invalid, entitling her to the aggregate of UM coverage across policies with $50,000/$100,000 limits.  Nothing in the

---

[4] Some overlap may exist between Desio's bad faith claim and portions of the UCPA claim.  But other provisions of the UCPA are not so intertwined. *See, e.g.*, NRS § 686A.310(1)(c) ("Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies" constitutes a violation.); *see also* ECF No. 1-1 at 8 (pleading a violation of NRS § 686A.310(1)(c)).

complaint gave State Farm notice of new allegations challenging limit amounts based on wholly separate issues of limit selection and waiver.[5]  Even if State Farm had fair notice of the higher-limits dispute regarding the Honda and Chevy policies, the issue is moot because, as a matter of law, Desio's Jeep policy contains both a valid anti-stacking exclusion and a limitation that the highest UM limit under multiple policies only applies when, at the time of the accident, the insured is either a pedestrian or driving a car other than one insured. ECF No. 33 at 35.  Because the policies may not stack and the Jeep was the crashed vehicle, the limits under the Chevy and Honda policies are irrelevant to Desio's accident.[6]  I therefore deny Desio's motion for summary judgment on the issue of higher limits.

## III.   CONCLUSION

I THEREFORE ORDER that plaintiff Rose Desio's motion for partial summary judgment **(ECF No. 19) is DENIED**.

---

[5] Magistrate Judge Koppe denied Desio's untimely motion to supplement the complaint with these allegations. ECF No. 79 at 16.  In her motion to supplement, Desio contended that she filed the motion out of an abundance of caution, and that the higher-limit issue may be properly resolved via her motion for summary judgment. ECF No. 66 at 4-5.  Judge Koppe's order expressed no opinion on whether Desio's position on higher limits could be vindicated by her motion for summary judgment on the issue. ECF No. 79 at 3 n.3.  Desio could have appealed Magistrate Judge Koppe's decision but did not.

[6] Relatedly, Desio argues for the first time in reply that, at the very least, she should receive stacked coverage equal to Nevada's UM statutory limit of $25,000 for each of the Pontiac, Honda, and Chevy policies. ECF No. 42 at 26.  Like her allegations regarding higher limits, she did not plead this statutory limit allegation such that State Farm received adequate notice.  And I generally do not consider arguments raised for the first time in a reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that a district court "need not consider arguments raised for the first time in a reply brief").  Even if Desio had properly pleaded this allegation and raised it in her summary judgment motion, it would fail as a matter of law.  Nevada's UM statutory limit exists to afford an insured a minimum amount of UM coverage as a matter of public policy. *Cont'l Ins. Co. v. Murphy*, 96 P.3d 747, 750-51 (Nev. 2004).  It is undisputed that Desio received twice the statutory limit under the Jeep policy. ECF Nos. 33 at 212; 63-8 at 4, 7.  Each of the cases Desio cites to support this allegation involved different facts, and none supports the contention that she is entitled to additional coverage—particularly given the validity of the anti-stacking provision here.

11

I FURTHER ORDER that defendant State Farm's motion for summary judgment **(ECF No. 32) is GRANTED in part**.

I FURTHER ORDER that Desio's motion for partial summary judgment **(ECF No. 49) is DENIED**.

I FURTHER ORDER that the deadline for either party to move for summary judgment on the UCPA claim is extended to February 22, 2022. If no party files such a motion by that date, then the proposed joint pretrial order will be due March 18, 2022.

DATED this 26th day of January, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE